E. BRYAN WILSON
Acting United States Attorney

STEVEN E. SKROCKI
YUNAH CHUNG
Assistant U.S. Attorneys
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: steven.skrocki@usdoj.gov
       yunah.chung@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 3:21-cr-00096-MMS |
| Plaintiff, | ) ) | COUNT 1: |
| vs. | ) ) ) | WILDLIFE TRAFFICKING<br>Vio. of 16 U.S.C. §§ 1372(a)(4)(B),<br>1375(b) |
| UZI LEVI, | ) ) | COUNT 2: |
| Defendant. | ) ) ) | WILDLIFE TRAFFICKING<br>Vio. of 16 U.S.C. §§ 1372(a)(4)(B),<br>1375(b) |

# INTRODUCTORY ALLEGATIONS

1. Statutory Framework

The Pacific Walrus (*Odobenus rosmarus*) is a marine mammal listed on Appendix III of the Convention on International Trade in Endangered Species of Wild Fauna and Flora.

The Marine Mammal Protection Act, Title 16, United States Code, Section 1372(a)(4)(B) prohibits any person from transporting, purchasing, selling, exporting, or offering to purchase, sell, or export any marine mammal or marine mammal product for any purpose other than public display, scientific research, or enhancing the survival of a species or stock.

The Marine Mammal Protection Act, Title 16, United States Code, Section 1371(b) provides for, among other things, an exemption for Alaskan natives to take marine mammals if such taking is done for subsistence purposes or is done for creating and selling authentic native articles of handicrafts and clothing; provided, only authentic native articles of handicrafts and clothing may be sold in interstate commerce.

For purposes of the Introductory Allegations of this indictment, the term "authentic native articles of handicrafts and clothing" means items composed, wholly or in some significant respect, of natural materials, and which are produced, decorated, or fashioned in the exercise of traditional native handicrafts without the use of pantographs, multiple carvers, or other mass copying devices. Traditional native handicrafts include, but are not limited to, weaving, carving, stitching, sewing, lacing, beading, drawing, and painting, provided that, in each case, they are not done in a wasteful manner.

Under the Marine Mammal Protection Act, it is unlawful for a non-Alaskan native to transport, purchase, sell, export, or offer to purchase, sell, or export any marine mammal or marine mammal product for any purpose other than public display, scientific research, or enhancing the survival of a species or stock, or any marine mammal part that has not been made into an authentic native article of handicraft.

2. Allegations against the Defendant

Defendant UZI LEVI owns a used and rental car lot identified as "LEVI" at 1135 E. Dowling Rd, Anchorage, Alaska 99518 ("LEVI car lot"). Immediately to the north of the LEVI car lot is the business identified as "Alaska Professional Auto" at 1147 E. Dowling Rd. Anchorage, Alaska 99518.

On June 20, 2020, an Assistant Special Agent in Charge of the U.S. Fish and Wildlife Service observed what appeared to be an Alaskan Native male carrying a two-tusked, non-handicrafted walrus head mount into the business offices of the LEVI car lot and leave the business premises without the head mount.

On or about July 6, 2020, an undercover U.S. Fish and Wildlife Service Special Agent went to the business offices of the LEVI car lot, and inquired about renting a vehicle. He explained that he didn't have a lot of money and asked if there were other ways to rent a vehicle, such as trade or barter. The unidentified and unknown male at the business said, "Ivory?" The unknown male then called UZI LEVI by cell phone and transferred the phone to the undercover U.S. Fish and Wildlife Service Special Agent. UZI LEVI asked if the undercover U.S. Fish and Wildlife Service Special Agent had

ivory with him. UZI LEVI wanted to know how much money the undercover U.S. Fish and Wildlife Service Special Agent wanted for walrus head mounts and walrus tusks.

From on or about July 6, 2020, and continuing up to on or about March 1, 2021, the undercover U.S. Fish and Wildlife Service Special Agent and UZI LEVI had ten (10) phone calls and four (4) text message exchanges concerning the purchase of non-handicrafted walrus ivory.

On or about July 13, 2020, the defendant UZI LEVI met with the undercover U.S. Fish and Wildlife Service Special Agent at the business offices of the LEVI car lot. During the meeting, UZI LEVI purchased from the undercover U.S. Fish and Wildlife Service Special Agent six (6) non-handicrafted Pacific Walrus tusks for $300.

On or about September 29, 2020, the defendant UZI LEVI purchased from the undercover U.S. Fish and Wildlife Service Special Agent one (1) non-handicrafted, three-tusked walrus head mount of a Pacific Walrus for $500. During the sale, UZI LEVI directed the undercover U.S. Fish and Wildlife Service Special Agent to place the head mount into a yellow Ford Fiesta that was on the LEVI car lot. Thereafter, an individual emerged from Alaska Professional Auto and removed the head mount from the Ford Fiesta. The individual then carried the non-handicrafted three-tusked walrus head mount from the Ford Fiesta back inside Alaska Professional Auto, concealing the head mount under a blanket.

On or about March 4, 2021, when U.S. Fish and Wildlife Service agents interviewed the defendant UZI LEVI, he denied purchasing any walrus tusks during the year 2020 when in truth UZI LEVI purchased six (6) non-handicrafted walrus tusks from

an undercover U.S. Fish and Wildlife Service Special Agent on July 13, 2020 for $300.00, and one (1), non-handicrafted three-tusked walrus head mount from the same undercover U.S. Fish and Wildlife Service Special Agent on September 29, 2020 for $500.00.

## I N F O R M A T I O N

The United States Attorney charges that:

## COUNT 1

On or about July 13, 2020, within the District of Alaska and elsewhere, the defendant UZI LEVI did knowingly purchase for $300.00 six (6) non-handicrafted Pacific Walrus (*Odobenus rosmarus*) tusks, from an undercover U.S. Fish and Wildlife Service Special Agent for a purpose other than public display, scientific research, or enhancing the survival of a species or stock.

All of which is in violation of the Marine Mammal Protection Act, 16 U.S.C. §§ 1372(a)(4)(B) and 1375(b).

## COUNT 2

On or about September 29, 2020, within the District of Alaska and elsewhere, the defendant, UZI LEVI, did knowingly purchase one (1) three-tusked, non-handicrafted Pacific Walrus (*Odobenus rosmarus*) head mount, from an undercover U.S. Fish and Wildlife Service Special Agent for a purpose other than public display, scientific research, or enhancing the survival of a species or stock.

All of which is in violation of the Marine Mammal Protection Act, 16 U.S.C. §§ 1372(a)(4)(B) and 1375(b).

s/ Steven E. Skrocki
STEVEN E. SKROCKI
Assistant U.S. Attorney
United States of America

s/ Yunah Chung
YUNAH CHUNG
Assistant U.S. Attorney
United States of America