S. LANE TUCKER
United States Attorney

STEVEN E. SKROCKI
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Tel: (907) 271-5071
Fax: (907) 271-1500
E-mail: Steven.Skrocki@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| UNITED STATES OF AMERICA, | ) | No. 3:21-cr-00096-SLG-MMS |
|---|---|---|
| Plaintiff, | ) ) ) | **UNITED STATES' SENTENCING MEMORANDUM** |
| vs. | ) ) | |
| UZI LEVI, | ) ) | |
| Defendant. | ) ) | |

COMES NOW the United States of America, by and through undersigned counsel, and files with the court a sentencing memorandum as to defendant Uzi Levi. Given the nature of the offenses, which are misdemeanors, the defendant's age and medical conditions, the United States will be seeking a term of probation for the offenses charged in the Information.

//

I.      SUMMARY OF SENTENCING RECOMMENDATIONS

**TERM OF IMPRISONMENT** ................................................................................. **None**
**PROBATION** ............................................................................................................. **3 Years**
**FINE** .......................................................................................................................... **$9,500**
**RESTITUTION** ........................................................................................................ **N/A**
**SPECIAL ASSESSMENT BOTH COUNTS** ........................................................ **$50.00**
**FORFEITURE** .......................................................................................................... **N/A**

  1.  FACTUAL BASIS FOR PLEA AND IMPOSITION OF SENTENCE.

It is anticipated that the defendant will be entering a plea of guilty to the Information filed in this case at Docket 1 and not contest any of the facts alleged at pages 2 through 6 of that document. The facts set forth in the Information are all supported by undercover U.S. Fish and Wildlife Service audio and video recordings and the statements in the Information are similarly audio and or video recorded. Thus, the United States would incorporate the 'Allegations Against the Defendant in Section 2, pgs. 3 through 5 of the Information for the court to utilize both at the change of hearing and the following imposition of sentence proceeding as is presently scheduled. As to Counts 1 and 2 of the Information, none of the walrus tusks purchased by the defendant were discovered by the investigation and searches of the defendant's workplace, nor the Alaska Professional Auto location where the headmount purchased by the defendant and alleged in Count 2 was observed to go after the sale.

Based on the volume of tusks purchased, ease of purchase, and frequency of purchase, it is clear the defendant was a local 'go to' for the purchase of illegal ivory. The

investigation, however, for various reasons, was not able to pursue the matter further. Nevertheless, the defendant's actions are clear and established by audio and video recording, thus, the United States makes the following sentencing recommendations for the court to consider and/or impose.

## II. GUIDELINE APPLICATIONS

### A. Application

The Guideline provisions for this Class A misdemeanor offense would provide for an adjusted sentencing guideline range as follows:

-U.S.S.G. 2Q2.1/2B1.1: Base Offense Level 6 for $800 sold value of the walrus tusks.

-U.S.S.G. 2Q2.1 (b)(2) +2 for commercial purpose

-Total Adjusted Offense Level: 8

-Acceptance of Responsibility: -2

-Final Offense Level: 6 (0-6 months incarceration, Zone A)

-The defendant's Criminal History is Category I.

The court has the option under Zone A of sentencing the defendant to a term of probation with conditions of intermittent confinement, community confinement or home detention. (See, U.S.S.G. Section 5B1.1, and Commentary Note A) Thus, the court can impose a condition of probation requiring a period of community confinement, home detention, or intermittent confinement. Given this, the United States would recommend that the court impose a sentence of 4 months home detention as a condition of probation given the facts of this case, the multiple purchases of tusks, and the quantity.

### B. Acceptance of Responsibility

As of this writing the defendant is entitled to a two-point reduction for acceptance of responsibility pending a plea of guilty.

### C. Criminal History Category Computation

The defendant's criminal record is Category 1.

## III. APPLICATION OF 18 U.S.C. § 3553(a)

In addition to the Guidelines, the following sentencing factors set forth in 18 U.S.C. § 3553(a) apply with respect to the sentence to be imposed in this case: (1) the nature and circumstances of the offense and history and characteristics of the defendant; (2) the need for the sentence to reflect the seriousness of the offense, afford deterrence, protect the public from further crimes and provide the defendant training and treatment; (3) the kinds of sentences available; (4) the established Guidelines sentencing ranges; (5) any pertinent Guidelines policy statements; (6) the need to avoid unwarranted sentence disparity between defendants with similar records convicted of similar crimes; and (7) the need to provide restitution to victims of the offense. See, 18 U.S.C. § 3553(a)(1) through (7). Each sentencing factor is addressed in turn:

### A. Nature and Circumstances of Offense and the History and Characteristics of the Defendant.

#### 1. History and Characteristics of the Defendant – Unlawful Conduct

The defendant's criminal history is Category 1.

//

## 2. The Instant Offense – The Count of Conviction

<u>Count 1-2–Illegal Purchase of Raw Walrus Ivory</u>

The United States relies on the facts alleged in the Information for facts supporting the count of conviction. (See, Docket 1) Factually, the defendant appears to be a source for the receipt of walrus ivory for later sale on the black market. In each instance the defendant had no trouble accessing the funds necessary for the illegal purchase. Moreover, the defendant's actions in the investigation established that he knew what he was doing was illegal, and he admonished the FWS undercover officer several times as to concealing their sales from public view, in telephone calls, etc. Unfortunately, after the sale demonstrated in Count 2, the investigation could be pursued no further once the head mount went into Alaska Professional Auto, so the true scope of the defendant's activity in the raw walrus trade, save for being a point of frequent and easy sale, is unknown.

## B. Need for the Sentence to Reflect the Seriousness of the Offense, Afford Deterrence, Protect the Public, and Rehabilitate the Defendant.

<u>The Significance of the Raw Ivory Trade</u>

Animal ivory, whether elephant, walrus, whale teeth or Narwhal tusks are a commodity for which there exists a global market. The significance of this case results in the finding that the defendant was open to and did purchase raw walrus tusks in violation of the Marine Mammal Protection Act. Whatever the end use, the defendant's actions in purchasing, and having a location to purchase raw tusks fostered the demand for and sale of tusks on the black market where the only legal market for raw ivory exists between Native Alaskans under the Act. This is a commercialization/trafficking case, not a sale of

one or two tusks that occurred randomly or infrequently. Such activity only lubricates a black market trade in Walrus ivory, such a trade is not a welcome development for any species in this day and age. Moreover, funneling tusks into an underground market could generate, and often does, increased demand, which will only put more pressure on the walrus population and the legitimate amount of ivory in legal circulation. Consequently, it is clear that the significance of the defendant's actions are of a higher level than that of an isolated purchase. Indeed, had a transportation element been proven in relation to Count 2 of the Information the defendant would have been charged with a felony violation of the Lacey Act.

### C. Kinds of Sentences Available

Due to the defendants age and medical conditions the government is not urging a sentence of incarceration. The court should however, fashion a sentence that considers the facts of the charges and deterrence to others similarly inclined.

### D. Sentencing Ranges Available

The sentence recommended by the United States earlier in the memorandum is within that which would ultimately be calculated by the Presentence Report and the Sentencing Guidelines.

### E. Pertinent Policy Statements

The United States is unaware of any pertinent policy statements applicable to the sentence it recommends.

//

### F. Need to Avoid Sentence Disparity

The United States is unaware of any other matters in district analogous to this case.

### Fine/Forfeiture

The fine of a total of $9,500, which is for both counts, sought by the United States is significant and is based on the defendant's conduct which easily justifies a significant fine. The defendant owns a rental car business, travels out of Alaska each winter, this time to Phuket, Thailand, and Italy to escape the winter and the downturn in business. The fine requested is reasonable to pay over a term of three years' probation. The government requests that any fine amount imposed be directed toward the Lacey Act Reward Fund, administered by the U.S. Fish and Wildlife Service.

### Specific Conditions of Supervision

The United States requests the following conditions of probation in addition to the standard conditions of probation:

-No purchase of any wildlife parts whatsoever, nor sale of same.

-That since the sales of illegal walrus ivory occurred on the premises of his business, that the business be subject to warrantless searches during the term of supervision.

## IV. CONCLUSION

The court is provided with a snapshot of this defendant's involvement in the illicit walrus ivory trade. Regrettably, the investigation could go no further after the sale in Count 2. Due to that, there is an incomplete view of the defendant's role in this enterprise post-sale of the ivory and the roles of others who were part of it as the defendant was unwilling

to cooperate in that respect, as is his right. Likely it was more extensive than determined here, but that aspect is left for another day.

The government urges the court to sentence the defendant as recommended herein.

RESPECTFULLY SUBMITTED September 23, 2022, in Anchorage, Alaska.

S. LANE TUCKER
United States Attorney

s/Steven E. Skrocki
STEVEN E. SKROCKI
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on September 23, 2022, a copy
of the foregoing was served electronically on:

Burke Wonnell
Federal Public Defender Agency

s/Steven E. Skrocki
Office of the U.S. Attorney