Burke Wonnell
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
188 W. Northern Lights Blvd., Suite 700
Anchorage, Alaska 99503
Phone: (907) 646-3400
Fax: (907) 646-3480
Email: burke_wonnell@fd.org

Counsel for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| UNITED STATES OF AMERICA, | Case No. 3:21-cr-96 MMS |
|---|---|
| Plaintiff, | |
| vs. | **SENTENCING MEMORANDUM** |
| UZI LEVI, | |
| Defendant. | |

COMES NOW Defendant Uzi Levi, by and through undersigned counsel, and hereby submits the following sentencing memorandum for the Court's consideration at the combined change of plea/imposition of sentence hearing presently scheduled for September 30, 2022. At that hearing, it is expected that Levi will plead guilty to both counts of misdemeanor Wildlife Trafficking contained in the Information at Docket 1, and that the Court will proceed directly to sentencing.

I. Statutory Sentencing Provisions

Pursuant to 18 U.S.C. §3551(b), the Court may sentence Defendant to a term of probation, a fine, imprisonment, or a

fine in combination with a sentence of probation or imprisonment. Pursuant to 18 U.S.C. §3553(a), the following factors shall be considered by the Court in determining Defendant's sentence:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed –
    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B) to afford adequate deterrence to criminal conduct;
    (C) to protect the public from further crimes of the defendant; and
    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available;
(4) the kinds of sentence and the sentencing range established for –
    (A) the applicable category of offense committed by the applicable of defendant as set forth in the guidelines-
        (i) issued by the Sentencing Commission [. . .]
        (ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced [. . .]
(5) and pertinent policy statement –
    (A) issued by the sentencing commission [. . .]
    (B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.

*United States v. Uzi Levi*
Case No. 3:21-cr-96 MMS                                                Page 2

Case 3:21-cr-00096-SLG-MMS   Document 46   Filed 09/28/22   Page 2 of 6

In determining an appropriate sentence under 18 U.S.C. §3553(a), "[t]he court shall impose a sentence sufficient, but not greater than necessary" to satisfy the purposes outlined in subsection (2). Id.

## II. Argument

a. Advisory Guidelines

Defendant concurs with the government's guideline calculation contained in Docket 44. Levi should be sentenced with reference to a guideline sentencing range of 0-6 months, and a fine range of $1000 to $9500.

b. Statutory Sentencing Criteria

### 1. Nature and Circumstances of the Offense

The offense conduct for both counts involved two illegal purchase of ivory from undercover government agents between July and September of 2020. The total amount exchanged for both purchases was $800. See Docket 1, at 5. This offense conduct is limited and mitigates heavily in favor of a probationary sentence.

### 2. History and Characteristics of the Offender

Levi is 70 years old and has no prior felony or misdemeanor convictions. See Docket 3, at 2-3. He suffers from several serious health maladies, including prior strokes. It is believed that upon arrest by law enforcement for a warrant

*United States v. Uzi Levi*
Case No. 3:21-cr-96 MMS                                                   Page 3

issued in this case, DOC refused to accept Levi due to his acute medical problems.  The following day counsel for the government laudably and humanely moved to quash the warrant due to those circumstances.

Levi rents cars for a living, and during the time period of the offenses of conviction, the world was struggling with the (then) new COVID-19 pandemic.  It is common knowledge that many businesses were forced to curtail operations or wind-up in response to government ordered lockdowns and travel restrictions.  Additionally, since a vaccine had not yet been developed or distributed, tourist dollars dried up as demand was reduced due to fear of infection.  In response to this unpredicted and unprecedented financial devastation, Levi made a poor choice to commit the offenses for which he is accepting responsibility.

Levi continues to suffer from serious health problems, which are a drain on his financial resources and inhibit his ability to pay significant fine.  Furthermore, he is required to travel in order to take advantage of reduced health care costs in other countries.  While he does have the ability to pay a fine, that ability is constrained by the practical reality of his advancing age and worsening health.

These factors mitigate in favor of a short probationary term, with a small fine, and no reporting requirements or travel restrictions.

### 3. Appropriate Sentence

In light of the above, a term of one-year probation, conditioned upon payment of a $1000 fine, and the sole remaining conditions to not commit another offense, not unlawfully possess a controlled substance, and to pay the required assessment would be sufficient but not greater than necessary to meet the 3553(a) criteria. A sentence involving home confinement would be disproportionate in relation to the small amount involved in the purchases, the low likelihood of recidivism at Levi's advanced age, his complete absence of prior convictions, his substantial health problems, and in relation to the sorts of sentences imposed on other first offense misdemeanants. Levi has already paid a price due to the substantial restrictions on his liberty while this case has been pending, and a small fine would be proportional to the gravity of the offense.

## III. Conclusion

For the aforementioned reasons, Levi respectfully requests that the Court impose a sentence of one-year probation, a $1000 fine, and limited conditions.

DATED at Anchorage, Alaska this 28th day of September, 2022.

                                      Respectfully submitted,

                                      FEDERAL PUBLIC DEFENDER
                                      FOR THE DISTRICT OF ALASKA

                                      */s/ Burke Wonnell*
                                      Burke Wonnell
                                      Assistant Federal Defender
                                      Counsel for Uzi Levi

<u>Certificate of Service</u>:
I hereby certify that I electronically filed the foregoing and any attachments with the Clerk of Court for the United States District Court for the District of Alaska by using the district's CM/ECF system on September 28, 2022. All participants in this case are registered CM/ECF users and will be served by the district's CM/ECF system.
*/s/ Burke Wonnell*